UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAPAL INC.,

    Plaintiff,

v.

ABDELATIF ATARSIA,
and
YG-1 USA, INC.,

    Defendants.
_____/

Case No. 15-cv-12159

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MICHAEL J. HLUCHANIUK

**OPINION AND ORDER GRANTING MOTION TO VACATE ENTRY OF DEFAULT [12] AND GRANTING AMENDED "MOTION FOR LEAVE TO FILE *INSTANTER*" [10]**

**I. INTRODUCTION**

On June 12, 2015, MAPAL Inc. ("MAPAL" or "Plaintiff") commenced this action against Abdeltif Atarsia and YG-1 USA, Inc. (collectively "Defendants") for breach of contract, breach of fiduciary duty, conspiracy, and tortious interference. A Clerk's Entry of Default was entered against YG-1 USA, Inc. ("YG-1 USA") on July 15, 2015. *See* Dkt. No. 8, PageID 73.

Presently before the Court is YG-1 USA's Motion to Vacate Entry of Default [12], filed on July 22, 2015. On July 17, 2015, YG-1 USA, Inc. ("YG-1 USA) filed a Motion for Leave to File Answer *Instater* [10]. In its Motions, YG-1 USA explains that it received service of the Complaint, retained counsel, and sought to obtain documentation indicating that Dr. Atarsia was not employed by YG-1 USA, Inc. *See* Dkt. No. 12 at 2, PageID 102; *see also* Dkt. No. 10 at 3, PageID 89. However, before filing an Answer to the Complaint, counsel for YG-1 USA indicates that he "became afflicted with an ailment that caused him to seek medical care initially with his

doctor and subsequently in the hospital." *Id*. Counsel for YG-1 claims he did not return to work until July 17, 2015,[1] when he then learned that the entry of default had been entered. *See id.*

The Court instructed MAPAL to file a response to YG-1 USA's Motion for Leave to file Answer *Instater* by no later than August 4, 2015. *See* Dkt. No. 11, PageID 100. The Court also stated that a Reply could be filed as provided in the Local Rules. *See id*. MAPAL filed its Response on August 4, 2015, and indicated that it "takes no position with respect to whether Defendant YG-1 USA Inc. is able to demonstrate excusable neglect." Dkt. No. 14 at 3, PageID 112. Instead, MAPAL stated that the "determination is for the Court to make based upon the legal standards[.]" *Id*. YG-1 USA Inc. failed to file a Reply in accordance with the Court's Local Rules. *See* E.D. Mich. L.R. 7.1(e)(2)(c). After reviewing the Motions and the briefing by the parties, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the pending Motions on the briefs and cancel the hearing scheduled for August 26, 2015 at 10:30 a.m. *See* E.D. Mich. L.R. 7.1(f)(2). For the following reasons, the Court will **GRANT** YG-1 USA's Motion to Vacate Entry of Default [12] and Motion for Leave to File Answer *Instater* [10].

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure allows for an entry of default to be set aside for good cause. *See* FED. R. CIV. P. 55(c). "In determining whether 'good cause' exists, courts consider: (1) whether culpable conduct of the defendant led to the default; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff will be prejudiced." *Mertik Maxitrol Gmbh & Co. Kg v. Honeywell Technologies Sarl*, 10-12257, 2011 WL 3714634, at *2

---

[1] In its brief, YG-1 USA indicates that counsel returned to the office "[o]n Friday, *June 17* . . . and learned that a default had been entered." Dkt. No. 12 at 2, PageID 102 (emphasis added). This appears to be a mistake, as the Complaint was filed on June 12, 2015 and the entry of default was not entered until July 15, 2015. *See* Dkt. No. 8, PageID 73. Moreover, July 17, 2015 was a Friday, while June 17, 2015 was a Wednesday.

(E.D. Mich. Aug. 24, 2011) (citing *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010)).

The Court must consider all three factors of Rule 55(c) when ruling on a motion to set aside entry of default. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 193 (6th Cir. 1986). However, when a defendant has presented a meritorious defense and a plaintiff fails to demonstrate prejudice, it is an abuse of discretion to deny a Rule 55(c) motion absent culpable conduct. *See Kaufman Payton & Chapa, P.C. v. Bilanzich*, 11-15563, 2013 WL 1278192, *2 (E.D. Mich. Mar. 27, 2013). Ultimately, the decision to set aside an entry of default is within the Court's discretion. *See Shepard Claims Serv.,* 796 F.2d at 193.

Federal courts strongly favor trials on the merits. *See Berthelsen v. Kane,* 907 F.2d 617, 620 (6th Cir. 1990). The Sixth Circuit applies a "somewhat more lenient standard" to "Rule 55(c) motions where there has only been an entry of default," as opposed "to Rule 60(b) motions where judgment has been entered." *Shepard Claims Serv.,* 796 F.2d at 193. However, even in Rule 60(b) cases, where a more stringent standard applies, the Sixth Circuit has stated that "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 846 (6th Cir. 1983) (internal citations omitted).

### III. DISCUSSION

According to the YG-1 USA, good cause exists to vacate the Clerk's Entry of Default because YG-1 USA contends (1) it has a meritorious defense; (2) MAPAL will not be prejudiced; and (3) there was no culpable conduct that led to the default. *See* Dkt. No. 12 at 4-9. 7, Page ID 104-07. As mentioned, MAPAL takes no position on YG-1 USA's Motion and simply "submits that [the] determination is for the Court to make based upon the legal

standards[.]" Dkt. No. 14 at 3, PageID 112. Pursuant to the framework set forth by the Sixth Circuit, this Court agrees that good cause exists to vacate the Clerk's Entry of Default.

### 1. YG-1 USA has a Meritorious Defense.

In the Sixth Circuit, a defendant must state "a defense good at law" in order to establish a meritorious defense. *INVST Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.,* 815 F.2d 391, 398–99 (6th Cir. 1987). The asserted meritorious defense will be deemed sufficient so long as it contains "'even a hint of a suggestion' which, [if] proven at trial, would constitute a complete defense." *Id.* A defendant need not demonstrate a likelihood of success on the merits. *Berthelsen,* 907 F.2d. at 621–22. Finally, all ambiguous or disputed facts must be resolved in the light most favorable to the defendant. *INVST Fin. Group,* 815 F.2d at 398.

YG-1 USA states that it "does not employ (and has not employed) Dr. Atarsia." Dkt. No. 12 at 5, PageID 105. Furthermore, YG-1USA indicates that there is an "employment agreement between Dr. Atarsia and Minicut International ("Minicut)[, which] indicates that he appears to be employed with Minicut, not YG-1 USA." *Id.* Lastly, YG-1 USA emphasizes that it does not appear "that [Dr. Atarsia] is or was employed or received any compensation from YG-1 USA." *Id.* The Complaint seems to be predicated on YG-1 USA's alleged hiring of Dr. Atarsia. *See* Dkt. No. 1 at ¶ 24, PageID 8. If Dr. Atarsia never, in fact, worked for YG-1 USA, the Court agrees that YG-1 has established a meritorious defense.

### 2. MAPAL has not Demonstrated it will be Prejudiced.

The Sixth Circuit has also indicated that "delay alone is not a sufficient basis for establishing prejudice." *INVST Fin. Grp.*, 815 F.2d at 398 (citations omitted). "Rather, it must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *INVST Fin. Grp.*, 815 F.2d at 398 (quoting

*Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (citation omitted)). Here, MAPAL does not contend that it is prejudiced. Accordingly, the Court finds that MAPAL will not be prejudiced at this early stage of the litigation.

### 3. YG-1 USA's Conduct was not Sufficiently Culpable.

The Court must consider all three factors when ruling on a motion to set aside entry of default. *Shepard Claims Serv.,* 796 F.2d at 193. "[W]hen the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in absence of a willful failure of the moving party to appear and plead." *Id*. The Sixth Circuit has instructed that when the "party in default satisfies the first two requirements for relief and moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Id.* at 195; *see also Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 293 (6th Cir. 1992) (finding that when a defendant has established that the first two factors weigh in its favor, the defendant's conduct must be "particularly culpable" in order to "outweigh those two factors and tip the balance toward denial of relief.").

"[I]t is not necessary that conduct be excusable to qualify for relief under the 'good cause' standard of Rule 55(c)." *Shepard Claims Serv.*, 796 F.2d at 194. The Sixth Circuit has made it clear that "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Id.* This being the case, the Court finds there is simply no evidence in the record indicating that the YG-1 USA deliberately attempted to thwart these proceedings. The Court finds that the YG-1's conduct was not sufficiently culpable. *See id.* at 194 (quoting 6 Moore's Federal Practice ¶ 55.01[2] at 55–61, 62 (1985 ed.) for the proposition that "[w]here the

defaulting party and counsel have not shown disrespect for the court, or have given evidence of respect for the court's process by their haste in acting to set aside the default, the courts have been inclined towards *leniency. . . .*") (emphasis added). As such, the Court will vacate the Clerk's entry of default against YG-1 USA.

### IV. CONCLUSION

In conclusion, the Sixth Circuit applies a "more lenient standard" to "Rule 55(c) motions where there has only been an entry of default." *Shepard Claims Serv.,* 796 F.2d at 193. The decision to set aside an entry of default is within the discretion of this Court. *Id.* Federal courts strongly favor trials on the merits. *Berthelsen,* 907 F.2d at 620.

Keeping these standards in mind, the Court **HEREBY GRANTS** YG-1 USA's Motion to Vacate Entry of Default [12]. The Court additionally **GRANTS** YG-1 USA's Motion for Leave to File Answer *Instater* [10]. **IT IS ORDERED** that YG-1 USA file its Answer **within fourteen (14) days of the date of this Order**.

IT IS SO ORDERED.

Dated: August 18, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge