UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAPAL, INC.,

            Plaintiff,                      Case Number 15-12159

vs.                                        Honorable Gershwin A. Drain

ABDELLATIF ATARSIA, et al.,

            Defendants.
_____/

**ORDER GRANTING DEFENDANT ATARSIA'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(C) [#34] AND REQUIRING DEFENDANT'S DEPOSITION BE TAKEN IN MONTREAL, CANADA**

**I.   INTRODUCTION**

Presently before the Court is Defendant Abdelatif Atarsia's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c). Defendant seeks the entry of a protective order adjourning his deposition, unilaterally set for December 3, 2015,[1] and requiring that his deposition take place in Montreal, Canada at a mutually agreeable date and time. Plaintiff, Mapal, Inc., filed a Response in Opposition on December 21, 2015, and Defendant filed a Reply in Support of his motion on December 31, 2015.

---

[1] Since this date has passed, this aspect of Defendant's motion is moot.

Upon review of the parties' filings, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will decide the motion on the briefs submitted. *See* E.D. Mich. L.R. 7.1(f)(2).

## II.   FACTUAL BACKGROUND

Defendant is a Canadian citizen who resides in Montreal. He is a former employee of Plaintiff, which is based in Port Huron, Michigan. Defendant worked for Plaintiff as an Aerospace Manager from February of 2012 through April 10, 2015. In connection with his employment with Plaintiff, Defendant traveled more than a dozen times to either Port Huron or Detroit, Michigan, as well as traveled to other North American locations. Defendant is currently employed by Minicut International, Inc. ("Minicut"), a Canadian company that is headquartered in Montreal.

On June 12, 2015, Plaintiff filed the instant action alleging that Defendant violated the non-competition provision of his employment agreement in connection with his current employment with Minicut, among other claims. Defendant filed a Motion to Dismiss, and the Court heard oral arguments on November 23, 2015. On November 30, 2015, the Court entered an Order Denying Defendant's Motion to Dismiss as to the breach of contract claim, but granted Defendant's Motion as to Plaintiff's claims for breach of fiduciary duty, conspiracy, and tortious interference.

On October 14, 2015, Plaintiff served a deposition notice on Defendant for

November 19, 2015, at the offices of Plaintiff's counsel in Detroit. On November 6, 2015, Defendant's counsel informed Plaintiff's counsel that Defendant was unavailable on November 19, 2015, and that he would propose alternate dates for the deposition as soon as he could. After waiting ten days and hearing nothing from Defendant's counsel, Plaintiff's counsel again noticed Defendant's deposition, scheduling his deposition for December 3, 2015.

At the Court's hearing on Defendant's Motion to Dismiss, or on November 23, 2015, Defendant's counsel informed Plaintiff's counsel that he had a prior commitment which prevented his attendance at the December 3, 2015 deposition. Two days later, Defendant's counsel emailed Plaintiff's counsel with alternate dates that Defendant would be available in Montreal for his deposition. Plaintiff objected to conducting Defendant's deposition in Canada and the parties have been unable to resolve their current dispute concerning the date and location for Defendant's deposition.

### III. LAW & ANALYSIS

An "examining party may set the place for the deposition of another party wherever he wishes subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place." *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987) (citing 8A Charles Alan Wright & Arthur R. Miller, Federal

Practice and Procedure § 2112 (3d ed. 2012)).

"It is within the discretion of the court to designate the location for taking depositions, and each application must be considered on its own facts and equities." *Id.* There is a presumption "that the defendant will be examined at his residence or place of business or employment." *Farquhar*, 116 F.R.D. at 72. "[I]n the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located." *Id.* "[I]t is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum[,] . . . . [t]hus, courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum." *Id.*

> Federal Rule of Civil Procedure 26(c) states in relevant part:
>
> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
>     *                  *                  *
>
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery[.]

Fed. R. Civ. P. 26(c). A party seeking a protective order has the burden to establish good cause exists for the order. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001).

-4-

Plaintiff asserts that special circumstances justify compelling Defendant to appear for deposition in Detroit, Michigan. Plaintiff mainly argues that Defendant was untimely in bringing the instant motion. However, the case Plaintiff relies on is distinguishable from the facts present here. In *Stephens v. Sioux City & New Orleans Barge Lines, Inc.*, 30 F.R.D. 397, 397-98 (W.D. Mo. 1962), the plaintiff failed to offer any explanations concerning his non-appearance at his noticed deposition on three separate occasions. It was not until the defendant moved for dismissal of the action under Federal Rule of Civil Procedure 37(d) that the plaintiff moved for an order quashing the deposition notice. *Id*. at 398.

The plaintiff's dilatory actions in *Stephens* are unlike the situation here. Defendant provided ample notice about the conflict with the depositions dates selected by Plaintiff. Unlike the *Stephens* plaintiff, Defendant did not just fail to appear at his deposition. Plaintiff's untimeliness argument is not a "special circumstance" warranting deviation from the presumption "that the defendant will be examined at his residence or place of business or employment." *Farquhar*, 116 F.R.D. at 72.

Plaintiff's other arguments also do not show special circumstances exist which support compelling Defendant to attend his deposition in Detroit, Michigan. Plaintiff argues that Defendant traveled to Port Huron or Detroit more than a dozen times during his employment with Plaintiff. However, "the correct inquiry is whether the

deponent frequently travels to the forum district or the proposed deposition situs." *In re Outsidewall Tire Litigation*, 267 F.R.D. 466, 473 (E.D. Va. 2010). Defendant has not been to Michigan since April of 2015 when he left Plaintiff's employment and he has no plans to travel to Michigan.

Plaintiff's claim that relative cost should be a factor also does not persuade this Court that Defendant should travel to Detroit, Michigan for his deposition. A claim of financial hardship, standing alone, is insufficient to support deviation from the general rule that the defendant will be examined at his residence or place of business or employment. *Farquhar*, 116 F.R.D. at 72. Lastly, Plaintiff's concern that disputes will arise during the deposition necessitating this Court's intervention is without merit. Plaintiff is merely speculating that conflicts will arise between the parties.

In conclusion, Plaintiff has failed to provide sufficient reasons supporting this Court's departure from the general rule requiring that Defendant be deposed at his residence or place of business. Defendant has demonstrated good cause for entry of a protective order requiring that his deposition take place in Montreal, Canada at a mutually agreeable date and time.

IV. **CONCLUSION**

For the foregoing reasons, Defendant's Atarsia's Motion for a Protective Order [#34] is GRANTED. Defendant shall provide Plaintiff with available dates for his

deposition in Montreal, Canada <u>no later than January 12, 2016.</u> Defendant's deposition shall occur <u>no later than February 8, 2016</u> in Montreal, Canada.

    SO ORDERED.

Dated: January 6, 2016                /s/Gershwin A Drain
                                          GERSHWIN A. DRAIN
                                          UNITED STATES DISTRICT JUDGE